ALVAH W. GODDING *vs.* HIRAM C. PIERCE *et als.*

Garnishment being a statutory procedure, parties using it are, at least in the absence of fraud, accident, and mistake, confined to the statutory remedy.

A. sued B. and garnished C., who, after an assignment made by B., made affidavit of *no funds,* whereupon A., having recovered judgment against B., filed a bill in equity against B. and C., to set aside the assignment as fraudulent, and to make C. liable as garnishee, to which bill B. demurred:

*Held,* that the demurrer must be sustained.

*Held,* further, that the bill could not be sustained either on the ground of concurrent jurisdiction in equity, or because the legal remedy was inadequate.

*Query,* whether pending the original action equitable proceedings might not lie in aid of the suit.

BILL IN EQUITY to establish the liability of a garnishee. On demurrer to the bill.

*January* 28, 1882. DURFEE, C. J. This is a suit in equity against Hiram C. Pierce, Charles N. Harrington, and the city of Providence. The bill alleges that at the June Term, 1877, of the Court of Common Pleas, the complainant recovered judgment against Pierce for $393.65 and costs; that at the June Term, 1880, of said court he commenced suit on said judgment, and caused the writ to be served on the city of Providence as trustee for Pierce, December 18, 1879, and February 21, 1880; that he recovered judgment for $409.05, on which execution issued and was returned unsatisfied; that the city, before judgment, made affidavit denying that it had as trustee any personal estate of Pierce, but subsequently, before judgment, being specially interrogated, admitted that it was indebted to him on February 21, 1880, in the sum of $161.70 for wages as a teacher, but claimed that it was not chargeable as trustee because, before any service of the writ and while the wages were still unearned, Pierce had assigned them to Harrington, to secure him for rent then due or thereafter to become due. The bill alleges that Pierce did not owe Harrington either when the assignment was made or subsequently, and disputes the validity of the assignment on grounds which, in the view that we take of the case, we need not specifically state. The prayer of the bill is that the assignment may be declared void as against the complainant, and that the city may be decreed to pay him said sum of $161.70, to be applied in part satisfaction of his judgment. Pierce has demurred to the bill; Harrington and the city have answered it. The case is before us now simply on the demurrer.

One ground of demurrer is that the bill is not maintainable because the complainant has an adequate remedy at law. We are of the opinion that this ground is tenable, or rather we are of the opinion that, at least in the absence of fraud, accident, or mistake, the complainant is confined to the remedy at law, whether adequate or not, because it and it only is the remedy which is given him by the statute. The right of attachment by trustee or garnishee process is not a common law right. It is created by statute, and the statute prescribes with great particularity the pro-

cedure which is to be pursued in carrying the right to a successful issue, so that the right is as it were incorporate with the remedy, and must fail whenever the remedy proves to be ineffectual. The general statement of the rule is, that where a statute creates a right or liability and gives a remedy, the remedy given is exclusive. *Moies* v. *Sprague,* 9 R. I. 541, 543, 544, and cases cited. By this we do not mean, and we do not understand the rule to mean, that the remedy given is so exclusive that it will not admit a proceeding auxiliary to itself, but only that it is exclusive of any other independent or cumulative remedy. For instance, we are not prepared to say that a suit in equity for discovery might not properly be resorted to during the pendency of the original action in aid of the procedure. But the suit here is not of that character. It is an independent suit, brought after judgment recovered, to establish and enforce the attachment. It is sought to be maintained either on the ground that the remedy at law is inadequate, or that equity has concurrent jurisdiction with law. We do not think it can be maintained on either ground.                *Demurrer sustained.*

*Warren R. Perce & Albert D. Bean,* for complainant.

*Stephen A. Cooke, Jr.,* for respondents.